1

2

3

4

5

6

7

8               **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    INDERJEET SINGH,                              CASE NO. CV F 11-176 LJO SKO

12                          Plaintiff,             **ORDER ON MOTION TO DISMISS** (Doc. 8)

13          vs.

14    JANET NAPOLITANO, Secretary of
      Homeland Security, ALEJANDRO
15    MAYORKAS, Director of the United States
      Citizenship and Immigration Services,
16    SUSAN CURDA, District Director, United
17    States Citizenship and Immigration Services,

18                          Defendants.
19    _____/

20                              **BACKGROUND**

21          On January 31, 2011, plaintiff Inderjeet Singh ("plaintiff") filed a complaint seeking a writ of

22    mandamus and declaratory judgment to compel defendants to adjudicate plaintiff's I-485 Application

23    and to adjust his immigration status to legal permanent residence.  On March 11, 2011, defendants

24    moved to dismiss this action, arguing that this action is now moot.  Defendants attached to the motion

25    to dismiss supporting evidence to demonstrate that plaintiff's I-485 application for permanent residence

26    has been adjudicated.  Plaintiff filed no opposition to the pending motion to dismiss.

27

28

                                        1

1

**DISCUSSION**

2

As a court of limited jurisdiction, this Court must consider whether jurisdiction exists pursuant

3

4

to Article III of the United States Constitution, and dismiss an action if jurisdiction is lacking. *Southern*

5

*Pacific Transportation Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990), *cert. denied*, 112

6

S. Ct. 382 (1991). This Court's Article III jurisdiction over a case "depends on the existence of a 'case

7

or controversy.'" *GTE California, Inc. v Federal Communications Commission*, 39 F.3d 940, 945 (9th

8

Cir. 1994). This Court lacks jurisdiction if the claims for relief become moot. *Friends of the Earth,*

9

*Inc. v. Laidlaw,* 528 U.S.167, 189 (2000).      Because plaintiff has received the relief sought, no case or

10

controversy exists in this matter. A case is considered moot if, at some time during the litigation

11

12

process, the controversy posed by the plaintiffs' complaint is no longer "live." *Laidlaw,* 528 U.S. at 189.

13

"A case becomes moot whenever it 'los[es] its character as a present, live controversy of the kind that

14

must exist if we are to avoid advisory opinions on abstract propositions of law.'" *Cantrell v. City of Long*

15

16

*Beach*, 241 F.3d 674, 678 (9th Cir. 2001) (quoting *Hall v. Beals,* 396 U.S. 45, 48 (1969)). Accordingly,

17

this Court GRANTS defendants' unopposed motion to dismiss.

18

**CONCLUSION AND ORDER**

19

For the foregoing reasons, this Court:

20

21

1.      GRANTS defendants' motion to dismiss (Doc. 8);

22

2.      DISMISSES this action;

23

3.      VACATES the April 15, 2011 hearing on this motion; and

24

4.      DIRECTS the clerk to close this action administratively.

25

26

IT IS SO ORDERED.

27

**Dated:      April 4, 2011                         /s/ Lawrence J. O'Neill**

28

2

UNITED STATES DISTRICT JUDGE